[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the plaintiff Housing Authority is seeking to evict the defendants from a public housing unit they occupy on the grounds that they have used the premises for the illegal sale of drugs and that "said conduct . . . constitutes a serious nuisance as defined by 47a-15(D) of the Conn. General Statutes."
There is no serious dispute over the facts giving rise to this action. After the receipt of complaints from tenants in the area of the subject apartment, the security chief of the Authority conducted a surveillance of the unit. Subsequently, four separate drug raids were conducted at the defendants' apartment by the New Haven Police Department.
As a result of each raid, two adult sons of the defendants were arrested (both were awaiting sentencing at the time of trial), and in each raid varying amounts of drugs, drug paraphernalia, currency, and incriminating evidence was seized. CT Page 621 On one occasion, an adult daughter of the defendants was present when the police entered the first floor of the apartment and shouted up the stairway for other occupants to "Get out, get the stuff out" and "Run, it's the police."
The defendant Gloria Bell was present during three of the raids conducted by the police and when warned by a police officer of the consequences of her sons' activities, stated that she couldn't control her sons.
Neither named defendant has ever been arrested on drug charges nor seen dealing drugs. Nevertheless, the plaintiff urges the court that by permitting their sons to deal drugs in this unit, they put fellow tenants in jeopardy of the array of disastrous results stemming from drug activity, including their health and safety.
The defendant Gloria Bell concedes knowledge of the drug activity of her sons, but defends this action on the grounds that the plaintiff has failed to prove the allegation of its complaint, that the defendants have "used the premises for the illegal sale of drugs."
The plaintiff's complaint echoes the precise language of47a-15(D). The defendants' interpretation of this language would allow a tenant to permit drug sales, even in the tenant's presence, and avoid eviction on the grounds of creating a serious nuisance. The court doubts that our legislature had this dubious result in mind when it adopted 47a-15(D).
It is the court's conclusion that implicitly included in the language "used the premises for the illegal sale of drugs" are those situations where the tenant's actions permitted the premises to be so used. Any other interpretation of this section would produce a result totally inconsistent with pronounced public policy and the usual rules of statutory construction.
The defendants suggest that the plaintiff could have avoided this problem by using language in the complaint which departed from 47a-15(D) and described the defendants as "permitting their premises to be used for the illegal sale of drugs." The plaintiff would then run the risk of the defendant asserting the defense that the complaint does not conform to the language of the statute!
The plaintiff has cited other Connecticut cases which support its position. In one, the court found that the defendant's knowledge that a member of the household used the premises to sell drugs was a violation of 47a-15 "in that a member of her household had sold or attempted to sell illegal drugs on the CT Page 622 premises." Hartford Housing Authority v. Sol Maria Amalbert, SPH-8801-42175(Hartford Housing Session, April 15, 1988).
Similar facts resulted in a judgment for the plaintiff where the court found that the defendant failed to require persons on the premises to conduct themselves in a manner that did not constitute a serious nuisance. Here, a guest sold drugs on the premises. Hartford Housing Authority v. Juan Rivera, et al, 13 C.L.T. 32 (August 17, 1987).
The court is sympathetic to Mrs. Bell who apparently up to this time has been a responsible tenant. However, the interests of the plaintiff, other tenants, and the community outweigh any individual concerns.
Judgment may enter for the plaintiff.
ANTHONY V. DeMAYO, JUDGE